# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) Case No. 2:13-cv-11458 |
| | ) Hon. Sean F. Cox |
| Plaintiff, | ) |
| | ) |
| SCOTT MILLER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

| | |
|---|---|
| PAUL J. NICOLLETTI  (P-44419) | JOHN T. HERMANN  (P-52858) |
| Attorney for Plaintiff | Attorney for Defendant |
| 33717 Woodward Avenue, #433 | 2684 West Eleven Mile Road |
| Birmingham, MI 48009 | Berkley, MI 48072 |
| (248) 203-7801 | (248) 591-9291 |

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

I.   INTRODUCTION TO CASE

Plaintiff alleges that its copyrighted materials (i.e. pornographic video films) were "made available" for distribution through a series of BitTorrent transactions using a computer address assigned to Defendant's internet account. In support of its claims, Plaintiff asserts that since the infringing activity occurred on Mr. Miller's internet account – he must therefore be the infringer. *(See Count I of Plaintiff's Complaint for Direct Infringement)* Alternatively, Plaintiff asserts that Mr. Miller is liable for allowing others to utilize her internet connection to download and/or exchange their copyrighted materials. *(See Count I of Plaintiff's Complaint for Contributory Infringement)*

Beginning in January of 2013, thru March of 2013, Plaintiff's computer technicians identified an IP address as being involved in an internet "swarm" that was allegedly distributing its copyrighted works. Plaintiff relies on the declaration executed by Tobias Feiser (Docket Entry

No. 3-1 ¶ 20) (hereinafter "the Feiser Declaration".) The Feiser Declaration, provides no information or details whatsoever as to how Plaintiff as opposed to someone else having access to his internet service committed a volitional act of copyright infringement. Accordingly, Plaintiff's claim of direct infringement is based on the assumption that Defendant is the ***actual*** person who utilized the internet account for the aforementioned acts. Similarly, the Feiser Declaration fails to provide any information demonstrating Mr. Miller's knowledge or awareness of what was occurring over her internet account.

Throughout the course of discovery, Mr. Miller has provided an explanation that he was merely the accountholder and did not engage in any act of infringement nor was he aware of anyone else using her account to do so. Defendant has offered to make himself available for a duly noticed deposition in order to support his claims of non-involvement. In addition, Mr. Miller has offered to make his computer system available for forensic examination by Plaintiff's computer expert.  Plaintiff (through his counsel) has agreed to a Stipulated Protective Order with regard to the imaging and duplication of his computer hard drive. Pursuant to the current protective order, Mr. Miller has agreed to make his computer system available to Plaintiff's computer expert for imaging and duplication so that the mirror image device can be examined. Prior to filing its motion, Defendant's concurred in the majority of Plaintiff's requests for additional and/or supplemental information. *(Exhibit 1; Response to Alleged Insufficiency of Discovery Responses)*

II.     FACTUAL BACKGROUND

On March 29, 2013, Plaintiff filed a complaint against a John Doe subscriber assigned to the Internet Protocol Address 98.243.108.194 based on its participating in a BitTorrent file sharing protocol "swarm.*"(Plaintiff's Original Complaint ¶¶ 19-29)* Immediately after filing its

complaint, Plaintiff filed its Motion for Leave for Early Discovery. In its motion, Plaintiff's asserted that the subpoenas were necessary so that Plaintiff may learn the actual identity of the alleged infringer who was only known by an internet protocol address. *(Plaintiff's Original Complaint ¶¶ 19-29)*

On April 24, 2013, the court granted Plaintiff's request to serve a third-party subpoena on Defendant's internet service provider. On May 30, 2012 counsel for Plaintiff served a third-party subpoena on Comcast Cable Holdings, LLC. ("Comcast") seeking the name and address of the registered accountholder during the period of alleged infringement (i.e. January 9, 2013 to March 18, 2013) In response, Comcast produced records and information identifying Scott Miller as the registered accountholder for the period in question. On July 3, 2013, Plaintiff amended their complaint identifying Mr. Miller as the Defendant.

On September 24, 2013, the court issued its scheduling order allowing the parties to engage in discovery up and until August 6, 2014. (Docket Entry No. 19) On April 4, 2014, Plaintiff submitted its first set of Interrogatory Questions and Request for Production of Documents. On April 11, 2014, Defendant provided its responses to Plaintiff's Request for Production of Documents. On June 18, 2014, Plaintiff's counsel provided Defense Counsel with its notice of alleged deficiencies with regard to Defendant's prior discovery responses.

On June 20, 2014, Defendant's counsel provided its written response articulating its position with regard to the adequacy of the discovery responses. (Exhibit 1) On June 24, 2014, Defendant's counsel supplemented its answers by providing a signed verification page, identifying the make and model of the interne router and agreeing to specify the "good faith" efforts to locate documents that were no longer in his custody or possession.

In its response to the alleged deficiencies Defendant offered to produce his household computer devices pursuant to the protective order and non-disclosure agreement. (Docket Entry No. 27) Pursuant to the terms of the Protective Order, Plaintiff agreed to make each computer hard drive device available to the Computer Professional for imaging and/or cloning so that its forensic expert can examine to the device(s) for suspected computer files.

2. Plaintiff will engage the services of a local computer professional ("Computer professional to perform the imaging of the hard drives identified in Defendant's response to prior document requests.

3. Defendant represents and warrants that all computer device hard drives, electronic notebooks, iPads, tablets, video game consoles, and electronic storage devices ("collectively, the "hard drives") in use at his residence during the applicable period of allege recorded infringement as described in the complaint will be made available to the Computer Professional for imaging. (Docket Entry No. 27)

*To that end, Mr. Miller has consistently agreed to make his device(s) available for duplication*. (Exhibit 1) Contrary to the terms of the protective order, Plaintiff *now* maintains that Mr. Miller must deliver his actual computer system (as opposed to making it available for duplication) to its computer experts. *(Defendant's Brief In Support p. 2)* Accordingly, Plaintiff's insistence that Defendant has failed to comply with Discovery Request No. 1 and 2 is misplaced and now moot.

In its motion, Plaintiff also alleges that the following objections and/or responses to its interrogatory questions are insufficient:

**Interrogatory No. 14 and 15:** Sought information regarding software programs that allowed BitTorrent to work on one or more of the household computer devices

**Answer subject to Objection**: Notwithstanding said objection, Defendant asserts that to the best of his knowledge and/or belief after conducting a good faith inquiry into the above caption requests that a Torrent file program may have been utilized on one or more of the computer devices identified in response to interrogatory question number 4.

**Response to Request for Concurrence:** Defendant continued to rely on its initial objections. Notwithstanding said objection, Defendant insisted that any information regarding his knowledge and familiarity of BitTorrent programs could be explored during his deposition which he has agreed to conduct. In lieu of his deposition testimony, Defendant is willing to attest as to the efforts that he conducted to determine if BitTorrent was utilized installed on

his computer and whether he has personal knowledge of his own use or other's use of a BitTorrent system on his computer devices.

**Interrogatory No. 22, 23, and 24:** Sought information regarding Defendant's viewing habits (and viewing habits of other household residents) for *other* third-party works of adult content (i.e. other adult movies, other adult content websites, etc.)

**Response:** Defendant objected to the nature of the request on the grounds that his viewing habits of *other* adult content information was not relevant to the issues at hand (i.e. whether he downloaded or exchanged Plaintiff's adult content works) and is on its face a request that seeks to embarrass him by forcing him to disclose the nature and extent of his propensity to view adult content information on the internet. It is Defendant's position that the request as phrased is not relevant nor is it likely to yield to the discovery of admissible information. (Exhibit 1)

WHEREFORE, Defendant, Scott Miller, requests that this deny Plaintiffs requests and enter an order imposing sanctions against Plaintiffs for filing and/or maintaining vexatious proceedings in violation of 28 U.S.C. §1927.

Dated: July 8, 2014  s/ John T. Hermann
JOHN T. HERMANN (P-52858)
Attorney for Defendant
2684 West Eleven Mile
Berkley, MI 48072
(248) 591-9291

## **CERTIFICATE OF ELECTRONIC SERVICE**

      I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court with the ECF system which will send notification of each filing to the following:

      Paul J. Nicoletti, Esq.

| | |
|---|---|
| Dated: July 8, 2014 | s/ John T. Hermann |
| | JOHN T. HERMANN (P-52858) |
| | Attorney for Defendant |
| | 2684 West Eleven Mile |
| | Berkley, MI 48072 |
| | (248) 591-9291 |

INDEX OF EXHIBITS

<u>Identifier</u>   <u>Title</u>

1   Response to Notice of Alleged Insufficiency of Discovery Responses